# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MAINE

VICTOR COFFIN, an individual, and )
VICTOR COFFIN, as Personal )
Representative of the Estate of Linda )
Coffin, Deceased, )
                         )
    *Plaintiff,*                 )
                         )
    v.                       )    **CIVIL ACTION NO.**
                         )
AMETEK, INC., CBS CORPORATION )
GENERAL ELECTRIC COMPANY. )
HONEYWELL INTERNATIONAL, )
INC., INGERSOLL-RAND, INC., )
MAINE CENTRAL RAILROAD )
COMPANY, a railroad corporation, )
BATH IRON WORKS and THE GAGE )
COMPANY, )
                         )
    *Defendants*,        )

## COMPLAINT AND JURY DEMAND

1. The Plaintiff is a citizen and resident of the State of Maine. Victor Coffin lives at 21 Buttermilk Cove, Brunswick, ME 04074. Plaintiff Victor Coffin served in the US Navy from January, 1968 to Sept., 1971 as an aviation electrician and then worked for the Maine Central Railroad from 1971 to 1987 as a machinist and the State of Maine from 1987 to 1988. He was diagnosed with malignant mesothelioma on January 18, 2017.

2. The Plaintiff, Victor Coffin, was named the Personal Representative of the Estate of Linda Coffin, Deceased by the Cumberland County Probate Court on October 1, 2018 at Number 2018-1400.

3. <u>Defendant Ametek, Inc</u>. is a Delaware corporation with principal place of business in Berwyn, Pa. and at all times relevant is the successor-in-interest to Gemco, Inc. and

1

did business in the State of Maine.

4.      <u>Defendant CBS Corporation f/k/a Viacom, Inc.</u>, f/k/a Westinghouse Electric Corporation, is a New York corporation with its principal place of business in New York and at all relevant times did business in the State of Maine.

5.      <u>Defendant General Electric Company</u> is a New York Corporation with its principal place of business in New York and at all time relevant did business in the State of Maine.

6.      <u>Defendant Honeywell International, Inc</u>. is a Delaware corporation, having its principal place of business located in Pittsburgh, Pa. and is qualified to do business in the State of Maine.

7.      <u>Defendant Ingersoll-Rand Company</u> is a New Jersey corporation, having its principal place of business located in Cleveland, OH and at all times relevant did business in the State of Maine.

8.      <u>Defendant Maine Central Railroad Company</u> is a Maine railroad corporation, having its principal place of business located in Augusta, ME and at all times relevant did business in the State of Maine (hereinafter MCRR).

9.      <u>Defendant Bath Iron Works</u> is a Maine corporation having its principal place of business located in Bath, ME and at all times relevant did business in the State of Maine.

10.     <u>Defendant The Gage Company</u>, a Pennsylvania corporation with its principal place of business located in Portland, ME and at all times relevant did business in the State of Maine.

## COUNT I

11. Plaintiff repeats and re-alleges all allegations contained in all paragraphs above as if fully set forth herein.

12. Defendants mined, processed, manufactured, designed, supplied, delivered, used and sold asbestos and asbestos-containing products and/or knowingly gave substantial assistance or encouragement to those who did so, at all times relevant herein.

13. While at work, Plaintiff Victor Coffin was caused to inhale, absorb, ingest, and come into contact with asbestos and asbestos-containing products mined, processed, manufactured, designed, supplied, delivered, and/or sold by Defendants.

14. The Defendants were negligent in that they each, jointly and severally:

    a. mined, processed, manufactured, designed, supplied, delivered, and/or sold asbestos and asbestos-containing products, and/or knowingly gave substantial assistance or encouragement to those who did so, that they knew, or reasonably should have known, were dangerous, defective, poisonous, and harmful to an individual's health, body, and life;

    b. failed to reasonably warn Plaintiff Victor Coffin of the harmful effects of exposure to asbestos and asbestos-containing products and/or knowingly gave substantial assistance or encouragement to those who did so;

    c. Designed, manufactured, and market engines, equipment and machinery that incorporated asbestos-containing components that proved harmful to the Plaintiff, Victor Coffin;

    d. failed to provide Plaintiff with the knowledge as to possible precautions to protect against the harmful effects of asbestos exposure and/or knowingly gave substantial assistance or encouragement to those who did so; and,

      e      were otherwise negligent.

15. As a direct and proximate result of the negligence of the Defendants, Plaintiff Victor Coffin suffered serious bodily injury, endured great pain and suffering, incurred medical expenses, suffered mental anguish, lost earnings and earning capacity, requires medical monitoring, and was otherwise damaged.

16. As a direct and proximate result of the negligence of the Defendants, Plaintiff-spouse has suffered, and will continue to suffer great pain and suffering, mental anguish, a loss of consortium, society, companionship, support, and dependency, and was otherwise damaged.

WHEREFORE Plaintiff demands judgment and damages against the Defendants, jointly and severally, plus interest, costs, and whatever other further relief this Honorable Court deems right and just.

## COUNT II

17. Plaintiff repeats and re-alleges all allegations contained in all paragraphs above as if fully set forth herein.

18. At all relevant times, the Defendants, as part of their regular business, mined, processed, manufactured, designed, supplied, delivered, used and sold and/or knowingly gave substantial assistance or encouragement to those who did so, asbestos and asbestos-containing products and put them into the stream of commerce in a defective, unsafe, and inherently dangerous condition, and failed to provide reasonable warnings.

19. The asbestos and asbestos-containing products were expected to, and did reach such persons, including Plaintiff Victor Coffin, without substantial change in the condition in which they were sold and/or supplied.

20. At all relevant times, the asbestos and asbestos-containing products were used and

employed for the purposes for which they were mined, processed, manufactured, designed, supplied, delivered, sold, and intended to be used and in a manner foreseeable to the Defendants.

21. As a direct and proximate result of the defective, dangerous, and unsafe condition of the asbestos and asbestos-containing products that Defendants placed into the stream of commerce, Plaintiff Victor Coffin suffered serious bodily injury, endured great pain and suffering, incurred medical expenses, suffered mental anguish, lost earnings and earning capacity, and required medical monitoring.

22. As a direct and proximate result of the defective, dangerous, and unsafe condition of the asbestos and asbestos-containing products that Defendants placed into the stream of commerce, Plaintiff-spouse has suffered, and will continue to suffer, great pain and suffering, mental anguish, a loss of society, consortium, companionship, support, dependency and was otherwise damaged.

WHEREFORE Plaintiffs demands judgment and damages against the Defendants, jointly and severally, plus interest, costs, and whatever other further relief this Honorable Court deems right and just.

## **COUNT III**

23. Plaintiff repeats and re-alleges all allegations contained in all paragraphs above as if fully set forth herein.

24. The Defendants expressly and impliedly warranted that the asbestos and asbestos-containing products that they mined, processed, manufactured, designed, supplied, delivered, and sold were fit for use, were merchantable, and were reasonably safe for the purpose intended.

25. The Defendants breached their warranty in that the asbestos and

asbestos-containing products were defective, unsafe, unreasonably dangerous, ultra-hazardous, and unsuitable for the purpose intended.

26.  As a direct and proximate result of the breach by the Defendants, Plaintiff Victor Coffin suffered serious bodily injury, endured great pain and suffering, incurred medical expenses, suffered mental anguish, lost earnings and earning capacity, required medical monitoring, was otherwise damaged.

WHEREFORE Plaintiff demands judgment and damages against the Defendants, jointly and severally, plus interest, costs, and whatever other further relief this Honorable Court deems right and just.

## COUNT IV
## LOSS OF CONSORTIUM

27.  Plaintiff repeats and re-alleges all allegations contained in all paragraphs above as if fully set forth.

28.  The Plaintiff, on behalf of the Estate of Linda Coffin, was named personal representative on October 1, 2018 at No. 2018-1400 Cumberland County Probate Court.

29.  The Estate of Linda Coffin, inter-alia, has been damaged, both generally and in the following particulars:

The Plaintiff was unable to provide help and assistance to his spouse during her illness between his diagnosis and December 14, 2017, when she passed away;

The Decedent was deprived of the services, society and companionship of Plaintiff-Husband;

WHEREFORE, the Estate of Linda Coffin demands judgment and damages against, the Defendants, jointly and severally, plus interest and costs and whatever other further relief this

Honorable Court deems right and just.

## COUNT V

30. Plaintiff repeats and re-alleges all allegations contained in all paragraphs above as if fully set forth herein.

31. The acts and omissions of Defendants that were the direct and proximate cause of Plaintiff Victor Coffin's injuries were willful, malicious, wanton, undertaken with reckless disregard of the rights of Plaintiff, and were grossly negligent.

WHEREFORE Plaintiff demands judgment and punitive damages against the Defendants, jointly and severally, plus interest, costs, and whatever other further relief this Honorable Court deems right and just.

## COUNT VI
## PLAINTIFF V. MAINE CENTRAL RAILROAD

32. Plaintiff repeats and re-alleges all allegations contained in all paragraphs above as if fully set forth herein.

33. Defendant Maine Central Railroad is a corporation organized and existing under the laws of the State of Maine as previously set forth.

34. Suit against the above-named railroad defendant is brought pursuant to an Act of Congress known as the Federal Employer's Liability Act, Title 45 USC Sec. 51-60 and Federal Safety Appliance Act, 45 USC Sec. 1-16.

35. At all times material hereto, MCRR engaged in interstate commerce as a common carrier by operating a line and system of railroads in the State of Maine and other states of the United States of America.

36. At all time and place hereinafter mentioned, the acts of omission and commission causing injuries to the Plaintiff were done by the Defendant MCRR, its agents, servants, workmen and/or employees acting in the course and scope of employment of MCRR with and under the direct and exclusive control of the Defendant MCRR.

37. The Plaintiff was employed by Defendant MCRR and was acting in the scope of his employment and was engaged in the furtherance of interstate commerce within the meaning of the Federal Employers' Liability Act.

38. Plaintiff Victor Coffin's injuries were caused by is exposure to asbestos while working for MCRR.

39. Plaintiff suffers from mesothelioma, which was caused in whole or in part by the negligence, carelessness and/or recklessness of the defendant MCRR both generally and more specifically as follows:

    a. In failing to exercise reasonable care to adequately warn Plaintiff of the dangers and harm to which he was exposed in working with inhaling asbestos;

    b. In failing to provide the Plaintiff with reasonably safe and sufficient personal safety apparel and equipment including but not limited to respirators, protective clothing, ventilators to remove the dust, and as was necessary to protect him from being injured;

    c. In failing to provide Plaintiff with a reasonably safe place to work;

    d. In failing to conduct any testing to determine the presence of asbestos in and around Plaintiff's workplace;

    e. In failing to conduct physical examinations of Plaintiff such as to detect any effects of asbestos so that its employees could be advised of the dangers of such exposure and that Plaintiff could take the appropriate safety measures;

   f. In failing to take the necessary measures to remove asbestos from the work place particularly after the Occupational Safety & Health Act came into effect;

   g. In failing to capsulize or otherwise ensure that existing asbestos would not become friable and thus released into the air in Plaintiff's work area;

   h. In failing to otherwise follow the applicable Federal, State and Local regulations, industrial hygiene recommendations for the health and safety of the Plaintiff.

WHEREFORE, Plaintiff demands judgment of the Defendant Maine Central Railroad Company plus interest and costs of suit and whatever further relief this Honorable Court deems right and just.

Plaintiff hereby demands a trial by jury.

Dated: November 15, 2018
  Topsham, ME         Respectfully submitted,

                By: /s/ *Kevin M. Noonan, Esq.*_____
                Kevin M. Noonan, Esq. (ME ID 3364)
                ***McTeague, Higbee, Case, Cohen Whitney& Toker, P.A.***
                Four Union Park
                P.O. Box 5000
                Topsham, ME   04530
                207-725-5581
                207-725-1090 Fax
                Email:  knoonan@mcteaguehigbee.com

                By: /s/ *Joseph J. Cirilano, Esq.*_____
                Joseph J. Cirilano, Esq. (PA ID 66874)
                Jason Shipp, Esq. (PA ID 87471)
                ***Goldberg, Persky & White, P.C.***
                Suite 1800
                11 Stanwix Street
                Pittsburgh, Pa. 15222
                412-471-3980, ext 447
                412-471-8308 fax
                Email: jcirilano@gpwlaw.com
                Email: jshipp@gpwlaw.com