UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| VICTOR COFFIN, an individual, and VICTOR COFFIN, as Personal Representative of the Estate of LINDA COFFIN, deceased,<br><br>    Plaintiff,<br><br>v.<br><br>AMETEK, INC., et al.,<br><br>    Defendants. | Docket No. 2:18-cv-472-NT |

**ORDER ON DEFENDANT'S MOTION FOR LEAVE
TO IMPLEAD THIRD-PARTY DEFENDANT**

Plaintiff Victor Coffin alleges that he was exposed to asbestos and that, due to the exposure, he developed malignant mesothelioma. Before me is Defendant Maine Central Railroad's ("**MCRR**") motion for leave to implead the Maine Department of Transportation ("**MDOT**") as a third-party defendant. (ECF No. 77.) For the reasons set forth below, this motion is **DENIED**.

**BACKGROUND**

Plaintiff Victor Coffin served as an aviation electrician in the U.S. Navy from January 1968 to September 1971, as a machinist for MCRR from 1971 to 1987, and as an employee of the State of Maine from 1987 to 1988. Compl. ¶ 1 (ECF No. 1). He was diagnosed with malignant mesothelioma on January 18, 2017. Compl. ¶ 1. He alleges that he was exposed to asbestos at work and that the exposure caused his illness. Compl. ¶¶ 11, 15.

In November of 2018, Mr. Coffin filed a complaint asserting six counts against several defendants. The Plaintiff has since voluntarily dismissed all defendants except MCRR and Honeywell International Inc. ("**Honeywell**"). The Plaintiff brings claims for negligence, failure to warn, and breach of warranty against Honeywell[1] and asserts that MCRR violated the Federal Employer's Liability Act ("**FELA**") and the Federal Safety Appliance Act by failing to provide him with a reasonably safe work environment. Compl. ¶¶ 11–39. MCRR filed its Answer on January 18, 2019. (ECF No. 18).

A Scheduling Order was entered on March 11, 2019, setting May 31, 2019, as the deadline for amendments of the pleadings and joinder of parties. (ECF No. 38.) These deadlines have been extended on several occasions, the last of which required the parties to file any motions to amend or implead by February 5, 2020. (ECF No. 70.)

On February 5, 2020, MCRR filed this motion for leave to implead MDOT as a third-party defendant. MCRR contends that, if MCRR is found to be liable to the Plaintiff, "then MCRR would be entitled to a recovery by way of a contribution and/or indemnification from [MDOT] by reason of Plaintiff's exposure to asbestos containing products installed and constructed at the Carlton Bridge by MDOT, or its predecessor in interest, the State of Maine." Def.'s Mot. 2. MCRR further asserts that, because the State of Maine expressly reserved exclusive control over the Carlton Bridge and

---

[1] Mr. Coffin brings all claims on behalf of himself and as the personal representative of his wife's estate. He alleges that he "was unable to provide help and assistance to his spouse during her illness between his diagnosis and December 14, 2017, when she passed away." Compl. ¶ 29 (ECF No. 1).

its construction and maintenance, including in its contracts with MCRR, the "Plaintiff's alleged damages would have been caused in whole or in part" by MDOT's breach of contract and tortious conduct. Def.'s Mot. 2–3.

## DISCUSSION

A defendant may implead a third party "who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a). If the defendant seeks to do so more than 14 days after serving its original answer, it must seek leave of the court. *Id.* The determination of whether to grant such leave "is left to the informed discretion of the district court, which should allow impleader on any colorable claim of derivative liability that will not unduly delay or otherwise prejudice the ongoing proceedings." *Lehman v. Revolution Portfolio L.L.C.*, 166 F.3d 389, 393 (1st Cir. 1999). A district court should "oversee third-party practice with the core purpose of Rule 14(a) in mind: avoiding unnecessary duplication and circuity of action." *Id.* at 394. But a district court need not permit a defendant to bring a third-party claim simply because the claim arises out of the same general set of facts as the original plaintiff's claim. *Signs for Jesus v. Town of Pembroke*, No. 15-cv-482-PB, 2016 WL 4083723, at *2 (D.N.H. Aug. 1, 2016). Rather, a district court "may deny a defendant's request for leave 'when bringing in a third party will introduce unrelated issues and unduly complicate the original suit,' or 'if the [third party] claim is futile.' " *Id.* (quoting *S. Shore Hellenic Church, Inc. v. Artech Church Interiors, Inc.*, No. 12-11663-GAO, 2015 WL 846533, at *18 (D. Mass. Feb. 26, 2015)). Thus, I consider whether MCRR has any colorable claims against MDOT and whether granting the motion would cause undue delay of

the proceedings or prejudice the Plaintiff. *See Riccitelli v. Water Pik Techs., Inc.*, 203 F.R.D. 62, 63–66 (D.N.H. 2001).

MCRR seeks to bring claims for indemnification and contribution against MDOT. Generally, such claims "fall within the ambit of Rule 14(a)." *S. Shore Hellenic Church*, 2015 WL 846533, at *19. Contribution from a joint tortfeasor is typically available under Maine law. *See Estate of Dresser v. Me. Med. Ctr.*, 960 A.2d 1205, 1207 (Me. 2008) ("Contribution claims are allowed to ensure fairness between joint tortfeasors whose negligence caused a third party harm."); *Emery v. Hussey Seating Co.*, 697 A.2d 1284, 1287 (Me. 1997) ("A joint tortfeasor's right to indemnity can arise in three circumstances: (1) indemnity may be agreed to expressly; (2) a contractual right of indemnification may be implied from the nature of the relationship between the parties; or (3) a tort-based right to indemnity may be found when there is a great disparity in the fault of the parties."). Likewise, contribution and indemnification are available under FELA. *See Norfolk & Western Ry. Co. v. Ayers*, 538 U.S. 135, 141, 162–66 (2003) ("The FELA's express terms, reinforced by consistent judicial applications of the Act, allow a worker to recover his entire damages from a railroad whose negligence jointly caused an injury (here, the chronic disease asbestosis), thus placing on the railroad the burden of seeking contribution from other tortfeasors."). Thus, on its face, MCRR appears to assert colorable claims against MDOT.[2]

---

[2] The Plaintiff contends that MCRR has not raised a colorable claim because the State of Maine is the proper party and, in any event, MDOT enjoys sovereign immunity from this sort of suit. Pl.'s Opp'n 2–3 (ECF No. 81). MCRR counters that the Maine Legislature assigned its obligations under the contract with MCRR to MDOT and that the Legislature specifically waived immunity in this context. *See* Def.'s Reply 1–4 (ECF No. 84). MCRR might be correct that it has actionable claims

4

Next, I consider whether granting MCRR's motion would unduly delay the resolution of this case. MCRR argues that joining MDOT will promote judicial economy because it "affords this court the opportunity to hear all claims arising from the same set of facts in one trial—and it affords MCRR the opportunity to raise its claims for contribution in a more efficient manner than if the contribution claim were brought in a separate subsequent action." Def.'s Mot. 4. MCRR also asserts that joining MDOT will not result in undue delay because the motion was filed as discovery was still in progress and before the filing of any motions for summary judgment. Def.'s Mot. 5–6. But permitting this motion would undoubtedly delay resolution of this case. Mr. Coffin filed this action in 2018. The parties have engaged in lengthy discovery. Motions to exclude expert testimony have been filed. MCRR and Honeywell both filed notices of their intent to move for summary judgment, and the Court accordingly held the Local Rule 56(h) conference. Introducing MDOT at this point would likely require a reopening of discovery[3] and a staying of deadlines, as MDOT comes up to speed and files any desired motions. *See Riccitelli*, 203 F.R.D. at 64–65 (finding undue delay and denying motion despite timely filing where granting motion would raise complex legal issues and invite "obvious motions to dismiss and motions for summary judgment").

---

against MDOT, but this discussion highlights how granting this motion would muddle the issues in this case, resulting both in undue delay and prejudice to the Plaintiff.

[3]   Although discovery was still ongoing when MCRR filed this motion, it closed on March 6, 2020, just as this motion came under advisement.

Moreover, MCRR has not explained why this motion was not filed at an earlier point, when it would not have resulted in such an undue delay of Mr. Coffin's case. MCRR filed its Answer more than a year before filing this motion. MCRR suggests that, "[t]hrough the course of discovery and in consultation with its experts," MCRR determined that it would be entitled to "contribution and/or indemnification" from MDOT. Def.'s Mot. 2. But MCRR identifies no revelation from the discovery process that exposed MDOT's previously unknown involvement.[4] In fact, MCRR's May 31, 2019 motion to extend the joinder deadline makes clear that it was already aware of certain facts relevant to this proposed third-party complaint. *See* Consent Motion to Amend Scheduling Order to Extend Joinder Deadline ¶ 2 (ECF No. 40) (recognizing that the Carlton bridge "was constructed by the Maine Department of Transportation" and that "[u]nder a 50 year arrangement with [MCRR], the MDOT owned the Bridge and [MCRR] operated and maintained the bridge"). The motion makes no mention of other relevant facts that were revealed through discovery. "[A]lthough Rule 14 should be liberally interpreted, a motion to bring in a third party may be denied . . . when the movant cannot reasonably explain the delay." 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1454 (3d ed.) (noting that motions for leave to file third-party complaint should be filed "as soon as possible after the filing of pleadings in the suit"); *see also*

---

[4] Although MCRR states that the "discovery process has been challenging" because the case involved a bridge built in the 1920's and the Plaintiff's employment extends back over fifty years, Def.'s Mot. 2, MCRR does not link these challenges to its eleventh-hour realization that MDOT would potentially owe MCRR contribution and/or indemnification.

*Lumbermens Mutual Casualty Co. v. SimplexGrinnell LP*, No. 05-cv-12353-NMG, 2008 WL 11510849 (D. Mass. Apr. 3, 2008) (holding that undue delay and unfair prejudice favored denying motion where movant knew of third party's role for years and was "therefore not newly discovered information"). I conclude that granting the motion would unduly delay resolution of this case.

Finally, I consider whether the Plaintiff will be prejudiced by the granting of this motion. Sufficient prejudice may exist "when bringing in a third party will introduce unrelated issues and unduly complicate the original suit." 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane Federal Practice and Procedure § 1443 (3d ed.). MCRR argues that joining MDOT will not complicate the issues before the Court because "the same operative facts populate" both the Plaintiff's claims against MCRR and MCRR's claims against MDOT.[5] Def.'s Mot. 6. MCRR also asserts that MDOT "will not be prejudiced by joining this action at this point in the proceeding" because MDOT "is not a stranger to the Plaintiff or the facts and circumstances involved in this matter." Def.'s Mot. 5. Specifically, MCRR notes that the Plaintiff has already litigated a Worker's Compensation action against MDOT. Def.'s Mot. 3.

---

[5] MCRR also suggests that denying the motion would prejudice MCRR because it "would likely bar MCRR's potential right of recovery from MDOT due to the running of the applicable statute of limitations on MCRR's claims." Def.'s Mot. 6. Aside from the fact that the applicable test considers potential prejudice to the *original plaintiff*, not the moving party, Maine law dictates that "claims for indemnification and contribution do not accrue for the purposes of the statute of limitations until a judgment has been paid by the third-party plaintiff." *St. Paul Ins. Co. v. Hayes*, 676 A.2d 510, 511 (Me. 1996) (internal quotations omitted); *see also Schadel v. Iowa Interstate R.R., Ltd.*, 381 F.3d 671, 676 (7th Cir. 2004) (explaining that state law governs the availability of contribution and indemnification for FELA claims). MCRR develops no argument as to how any statute of limitations would preclude its claims against MDOT.

7

But the test focuses on the prejudice to Mr. Coffin, not to MDOT. And granting this motion would prejudice Mr. Coffin's case. As is demonstrated by the parties' briefs, bringing MDOT into this case at this late stage would introduce issues of sovereign immunity, state statutory interpretation, and the contractual relationship between MCRR and MDOT, all of which are not implicated by Mr. Coffin's claims. The more appropriate path is for MCRR to file a separate action against MDOT if the Plaintiff prevails here.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant MCRR's motion to implead MDOT (ECF No. 77).

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 19th day of June, 2020.