UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| VICTOR COFFIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Docket No. 2:18-cv-472-NT |
| ) | |
| AMETEK, INC., ET AL., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**LOCAL RULE 56(H) PRE-FILING CONFERENCE REPORT AND ORDER**

A conference was held on Monday, March 2, 2020, at 2:00 p.m.

Presiding:           Nancy Torresen, United States District Judge

For Plaintiff:       Jason T. Shipp, Joseph Cirilano, Kevin M. Noonan

For Defendant Honeywell International Inc.: Stephen C. Whiting

For Defendant Maine Central Railroad:       Glen L. Porter, Jason C. Barrett

In accordance with the procedural order issued on February 3, 2020 (ECF No. 75), I held a Local Rule 56(h) conference with counsel on March 2, 2020, during which the decision was made to proceed first with the Defendants' motions to exclude expert testimony. I issued an Order on those motions on September 16, 2020 (ECF No. 108). The same day, I directed the parties to propose a briefing schedule for the summary judgment motions (ECF No. 109), and I now adopt the schedule proposed by the Defendants. (ECF Nos. 110 and 111).

The following items were discussed at the March 2 conference:

1. **Bases for Proposed Motions for Summary Judgment**: Both Defendant Honeywell International ("**Honeywell**") and Defendant Maine Central Railroad ("**MCRR**") intend to move for summary judgment on all counts against them. Honeywell lists six bases for summary judgment, arguing that the Plaintiff cannot prove causation for any of the common law tort claims and cannot prove that Honeywell failed to warn about the asbestos hazards of its products. MCRR also lists six bases for summary judgment, arguing in part that the Plaintiff cannot prove causation or breach of duty.

2. **Estimated Memorandum Length**: The Defendants' summary judgment motions each shall not exceed 20 pages.

3. **Estimated Factual Statement Length**: Defendant Honeywell estimates that its statement of fact will include approximately 40 paragraphs. Defendant MCRR estimates that its statement of fact will include approximately 75 paragraphs.

4. **Filing of the Record:** The parties shall confer to determine the summary judgment record. The record shall consist of the universe of documents that any party may cite to in their motions or statements of fact. The record shall be filed on ECF in advance of the filing of any motion, response or statement of fact and the parties shall make the appropriate citations to the record (see paragraph 5 outlining citations to the record). The ECF event "Local Rule 56(h) Record" can be found in the "other documents" category of the "civil events" listing on ECF.

   If during the motion practice any party determines that they need to supplement the record, they may file a supplemental record, but shall not duplicate any record material already on the docket. Any supplemental record shall be filed on ECF in advance of the filing of any pleading so that the appropriate citations to the record can be made.

5. **Citations to the Record:** Filing the record in ECF in advance of the filing of any pleadings will generate ECF document numbers and page ID numbers. When citing documents from the record in statement of material facts, counsel should cite to the record with the appropriate ECF document and page ID numbers.

   Example: (Smith Affidavit, ¶1; Doc. 52-28, #566)

6. **Cooperation of Counsel on Factual Statement**: By the conclusion of the briefing, it is the Court's preference to have one document that contains the full text of all the facts, admissions, denials, qualifications, and requests to strike produced by all parties. The Court expects the parties to work collaboratively in this endeavor.

1. All admissions, denials, qualifications, and requests to strike shall appear under the text of the proposed fact to which they refer.

2. A request to strike shall be preceded by an admission, denial, or qualification, in case the request to strike is denied.

3. All responses to requests to strike shall appear under the text of the request to strike to which they refer.

4. The parties' various statements of material facts should utilize a single, continuous sequence of paragraph numbers.

5. In accordance with Local Rule 56(d), the Defendant's reply statement of material fact should address only the Plaintiff's additional facts and requests to strike.

The following sequence should take place when compiling the factual statements:

- First, each Defendant shall file a "Defendant's Supporting Statement of Material Facts," pursuant to Local Rule 56(b). This includes a numbered list of facts the Defendant contends are supported by the record and undisputed.

    - The PDF version should be filed on ECF using the "Statement of Fact" event, which can be found in the "other documents" category of the "civil events" listing on ECF.

    - Each Defendant shall email the Plaintiff a Word version of its PDF document.

- Second, the Plaintiff shall file a "Plaintiff's Opposing Statement of Material Facts," pursuant to Local Rules 56(c) and Local Rule 56(e), for each Defendant's statement. These documents shall reproduce the text of the facts proposed by the Defendants. The Plaintiff shall add appropriate admissions, denials, and qualifications, and, if necessary, requests to strike under each fact. Second, the Plaintiff may add a list of additional facts that the Plaintiff contends are supported by the record, keeping with the same paragraph sequence numbering (i.e. if the Defendant's Statement of Material Fact ended at paragraph number 50, the Plaintiff shall start with paragraph number 51 for his Statement of Additional Facts).

- - The PDF versions should be filed on ECF using the "Response to Statement of Fact with Additional Facts" event, which can be found in the "responses and replies" category of the "civil events" listing on ECF.
  - The Plaintiff shall email each Defendant a Word version of the relevant PDF document.

- Third, each Defendant shall file a "Defendant's Reply Statement of Material Facts," pursuant to Local Rules 56(d) and 56(e). This document shall reproduce the text of the facts proposed by the Defendant and the Plaintiff's corresponding admissions, denials, qualifications, and requests to strike, as well as the text of the Plaintiff's additional facts. The Defendant must add appropriate admissions, denials, qualifications, and, if necessary, requests to strike under each of the Plaintiff's additional facts. In addition, the Defendant may respond to any of the Plaintiff's requests to strike.
  - The PDF version should be filed on ECF using the "Reply to Additional Statement of Fact" event, which can be found in the "responses and replies" category of the "civil events" listing on ECF.
  - The Defendants shall email the Plaintiff Word versions of these PDF documents.

- Fourth, the Plaintiff may file a "Plaintiff's Response to Defendant's Requests to Strike," pursuant to Local Rule 56(e), for each Defendant. This document shall reproduce the text of the Defendant's facts, the Plaintiff's additional facts, all admissions, denials, and qualifications, all requests to strike, and the Defendant's responses to Plaintiff's requests to strike. The Plaintiff may add only appropriate responses under each of the Defendant's requests to strike. This document should be a complete account of the parties' factual statements.
  - The PDF version should be filed on ECF using the "Response to Request to Strike Per LR 56(e)" event, which can be found in the "responses and replies" category of the "civil events" listing on ECF.
  - This fourth step only takes place in the event the Defendants have made requests to strike the Plaintiff's Additional Facts. If no requests to strike the Plaintiff's Additional Facts are made, the briefing is complete at the third step.

4

In accordance with the Defendants' proposed briefing schedule, I now **ORDER** that the Defendants' motions for summary judgment shall be filed by October 30, 2020. Plaintiff shall file his opposition to the Defendants' motions on or before November 30, 2020. The Defendants shall file their replies by December 14, 2020. If necessary, the Plaintiff may file a response to any requests to strike from the Defendants by December 21, 2020.

SO ORDERED.

/s/ Nancy Torresen<br>United States District Judge

Dated this 25th day of September, 2020.